**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**JARQUEZ DUREN**                                                                                          **PLAINTIFF**

**V.**                                                                                         **NO. 4:17-CV-154-DMB-JMV**

**CARROLL-MONTGOMERY REGIONAL**
**CORRECTIONAL FACILITY, et al.**                                                          **DEFENDANTS**

**ORDER**

On May 17, 2019, Carroll County, Mississippi, filed an amended motion to seal from public access an exhibit to its summary judgment motion described as "Affidavit of the Carroll-Montgomery Regional Correctional Facility Nurse Wade Henson and supporting medical records of Plaintiff Duren …." Doc. #54. Carroll County argues the documents should be filed under seal because the medical records contain Jarquez Duren's personal and confidential information and the affidavit "directly relates to the content found within the medical records …." *Id.*

Rule 79 of the Uniform Local Civil Rules provides that no document may be filed under seal without a court order. L.U. Civ. R. 79(b). The decision whether to order judicial records sealed is committed to the sound discretion of the district court, which must "balance the public's common law right of access against the interests favoring nondisclosure." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). In doing so, the court must apply a "presumption in favor of the public's common law right of access." *Id*. at 849.

Generally, where the documents sought to be sealed are exhibits to a dispositive motion, the weight afforded to the public's common law right of access is necessarily greater. *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995); *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 & n.11 (11th Cir. 2001). The public right of access is "particularly

legitimate and important where … at least one of the parties to the action is a public entity or official ….." *Jaufre ex rel Jaufre v. Taylor*, 351 F. Supp. 2d 514, 517 (E.D. La. 2005). And, "[w]hile … medical records contain sensitive and personal information, that alone does not warrant depriving the public of access to filings from judicial proceedings, which are presumptively public." *Wilson v. Costco Wholesale Corp.*, No. 17-CV-81243, 2018 WL 8200952, at *1 (S.D. Fla. Sept. 18, 2018) (collecting cases).

Here, Carroll County's amended motion seeks to seal documents attached to a dispositive motion involving a public entity based only on the fact that the documents contain medical records or similar information. This justification, standing alone, is insufficient to outweigh the strong presumption of public access to the documents.[1] Accordingly, the amended motion to seal [54] is **DENIED**. Carroll County is **DIRECTED** to file the relevant documents, with appropriate redactions,[2] within three (3) days of the date of this order.

**SO ORDERED**, this 9th day of September, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] Carroll County argues that permanently sealing the medical records in their entirety "is the most reasonable and least restrictive option to protect the Plaintiff as the general law requires." Doc. #55 at 1. The Court disagrees to the extent that appropriate redactions could obviate the need for such.

[2] *See* Fed. R. Civ. P. 5.2(a).