IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JARQUEZ DUREN                                                                                   PLAINTIFF

V.                                                                         NO. 4:17-CV-154-DMB-JMV

CARROLL-MONTGOMERY REGIONAL
CORRECTIONAL FACILITY, et al.                                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This civil rights action is before the Court on Carroll County, Mississippi's motion for summary judgment. Doc. #49.

## I
## Procedural History

On October 31, 2017, Jarquez Duren, with the assistance of counsel, filed a complaint against Carroll-Montgomery Regional Correctional Facility ("Facility"), Carroll County, Mississippi, and "John Does 1-10." Doc. #1. The complaint asserts three causes of action based on an alleged failure to provide medical treatment while Duren was an inmate at the Facility: (1) "Deliberate Indifference and/or Denial/Delay of Access to Medical Care in Violation of the Eighth Amendment" (Count One); (2) "Constitutional Violations Pursuant to 42 U.S.C. Section 1983 Due to Patterns, Policies, Practices and/or Customs" (Count Two); and (3) "Intentional and/or Negligent Infliction of Emotional Distress" (Count Three). *Id*. at 3–4. On April 23, 2018, the Court dismissed all claims except the claims brought against the fictitious parties and the federal claims brought against the County. *See* Doc. #14.

On February 4, 2019, after Duren's counsel withdrew and Duren elected to proceed pro se, the County filed a motion for summary judgment. Doc. #49. The motion is fully briefed. *See* Docs. #61, #63.

## II
## Summary Judgment Standard

"Summary judgment is appropriate where there is no genuine issue of material fact and the parties are entitled to judgment as a matter of law." *Sec. & Exch. Comm'n v. Arcturus Corp.*, 928 F.3d 400, 409 (5th Cir. 2019). "A movant for summary judgment need not set forth evidence when the nonmovant bears the burden of persuasion at trial." *Wease v. Ocwen Loan Servicing, L.L.C.*, 915 F.3d 987, 997 (5th Cir. 2019). Rather, the moving party "may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Id*. While "[a]ll reasonable inferences must be drawn in favor of the nonmovant, … a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Arcturus Corp.*, 928 F.3d at 409 (quotation marks omitted).

## III
## Evidentiary Matters

In his response to the County's motion for summary judgment, Duren raises numerous evidentiary objections to the County's exhibits. Doc. #61. In its reply, the County objects to certain documents submitted by Duren in opposition to the motion for summary judgment. Doc. #63 at 3. The County also asserts that certain facts are deemed admitted. *Id*. at 4.

### A. Duren's Objections

Pursuant to Federal Rule of Civil Procedure 56(c)(2), "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Once a proper objection has been made "[t]he burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment. However, "[i]t is not the Court's

responsibility to comb through the record to determine the basis for … cursory objections or to make arguments on [a litigant's] behalf." *Hoffman v. Bailey*, 257 F. Supp. 3d 801, 824 (E.D. La. 2017).

In his response, Duren objects to: (1) the County's Exhibit A,[1] which is an affidavit of Nurse Wade Henson, because the affidavit references an unauthentic medical form ("Medical form 1/6/2017") and because it sets forth a timeline of medical treatment that does not include an October 17, 2016, dental procedure; (2) the County's Exhibit B,[2] which is a collection of medical records, because "1/6/17 is not authentic" and because the records do not include his earlier dental procedure; (3) the County's Exhibit C, which is an affidavit of Penny Hamer, because her statement that certain records were properly maintained is not accurate; (4) the County's Exhibit D, which is an incident report, because it is inaccurate; and (5) the County's Exhibit E, which is a release report, because it includes his wrong eye color. Doc. #61 at 1. Duren, however, has offered no explanation or argument supporting these contentions, much less ones which would support a conclusion that the various exhibits could not be presented in a form that would be admissible in evidence. Under such circumstances, Duren's evidentiary objections are overruled.[3]

## B. The County's Objections

The County argues that Duren's response improperly relies on an expert report from David Wilson, a licensed professional counselor; a phone log; and various photographs which were not

---

[1] Doc. #49-1.

[2] Doc. #65.

[3] In overruling Duren's objections, the Court notes that the objections to the accuracy and the completeness of the various documents go to the weight, not the admissibility, of the exhibits. *Wall v. City of Durham*, 169 F. Supp. 2d 466, 473 (M.D.N.C. 2001). The Court also notes that the defendants have properly authenticated the January 6, 2017, document through an affidavit of Penny Hamer, the custodian of the Facility's records, in which Hamer avers that all relevant records came from the Facility and "were properly maintained and addressed in the regular course of business by me …." Doc. #49-3 at ¶¶ IV–V.

3

produced during discovery. Doc. #63.

Federal Rule of Civil Procedure 37(c) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial unless the failure was substantially justified or is harmless." "The burden of showing a disclosure requirement under Rule 26 rests with the party seeking exclusion. If this burden is met, the burden of showing substantial justification or harmlessness rests with the offending party." *Cooper v. Meritor*, No. 4:16-cv-52, 2019 WL 1028530, at *11 (N.D. Miss. Mar. 4, 2019) (citations omitted).

The County argues the David Wilson report is an expert report which should have been disclosed pursuant to Rule 26(a). This Court agrees. The Wilson report is an evaluation of Duren performed by Wilson, in which Wilson opines on the effects on Wilson of the eye injury at issue in this action. *See* Doc. #61 at Page ID #185.[4] This is clearly an expert report which should have been disclosed under Federal Rule of Civil Procedure 26(a). *See* Fed. R. Civ. P. 26(a)(2) ("[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."). Because Duren has offered no argument or evidence that this failure to disclose was harmless or substantially justified, he may not rely on the report for the purpose of opposing the County's motion. Fed. R. Civ. P. 37(c). To this extent, the County's objections are sustained.

As for the phone log and photographs, the County has offered no specific argument as to a discovery violation. In the absence of such an argument, the Court finds the County has failed to satisfy its burden of showing a disclosure violation. Therefore, to the extent the County objects to

---

[4] Duren submitted numerous exhibits as part of his response to the motion for summary judgment. The Court cites multi-document exhibits by reference to the corresponding CM/ECF PageID number.

such documents, the objection is overruled.

### C. Deemed Admissions

Finally, the County submits that it served on Duren numerous requests for admission, Duren did not respond to the requests, and that such requests must be deemed admitted.

Pursuant to Rule 36(a)(1) of the Federal Rules of Civil Procedure, "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Under the language of this rule, a "defendant's failure to timely respond or object to the request for admissions results in the automatic admission of the matters requested." *Directv, Inc. v. Price*, 403 F. Supp. 2d 537, 540 (M.D. La. 2005) (emphasis added). "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).

The County served on Duren five requests for admission: (1) "Please admit that you have had a prior injury to the same eye that is the subject in this matter;" (2) Please admit that prior to this injury, you shot yourself in the same eye with a firecracker;" (3) "Please admit that you were present for an eye appointment on January 10, 2017, at Lucas Eye Clinic;" (4) "Please admit that you were present for an eye appointment on January 25, 2017, at Coleman Eye Clinic;" and (5) "Please admit that you were present for an eye appointment on February 3, 2017, at UMMC."

Doc. #43-1 at 13–14. Despite receiving an extension to respond to these requests,[5] Duren never responded. Accordingly, these five facts are deemed admitted.

IV
**Factual Background**

On January 6, 2017, Jarquez Duren, an inmate at the Carroll Montgomery Regional Correctional Facility, submitted a Medical Service Request Form for treatment of his right eye. Doc. #65 at PageID #238. Four days later, Duren, presented to the Lucas Eye Clinic in Winona, Mississippi, with complaints "of loss of vision in right eye." *Id*. at PageID #225. Duren complained that his right eye was "irritated" and that he had been maced in the eye approximately two-and-a-half months before. *Id*. The evaluator, Jacquelyn Lucas, diagnosed Duren with farsightedness and astigmatism, and referred Duren to a "Dr. Coleman for Evaluation." *Id*. at PageID #227.

On January 13, 2017, Duren was involved in a physical altercation with another inmate. Doc. #49-4. Prison guards utilized "OC Spray" to break up the fight with Duren and a separate fight involving two other inmates. *Id*. Shortly after, all four inmates were "decontaminated" and seen by a facility nurse, who reported no injuries. *Id.*

On January 20, 2017, Duren submitted a Medical Service Request Form for irritation in his right eye. Doc. #65 at PageID #236. The on-duty nurse provided Duren Tylenol. *Id*. Sometime later, Wade Henson, a nurse at the Facility, made an appointment for Duren to see Lee Coleman, a local optometrist. Doc. #49-1 at ¶ IV.

Duren saw Coleman on January 25, 2017. *See* Doc. #65 at PageID #232. Coleman's notes from the examination state:

> Anterior shows 100% hyphema. Unsure if this is result of long standing injury or

---
[5] Doc. #45.

new trauma. No view of the eye beyond the anterior chamber is possible. Patient needs further evaluation of the posterior segment by a retina specialist. Patient has high degree of sensitivity and discomfort of the right eye which may be a result of hypotony based on today's pressure. Recommend prednisolone 1% …. Explained that … being maced would not have caused this complication.

*Id*.

On February 3, 2017, prison staff transported Duren to an eye appointment at the University of Mississippi Medical Center ("UMMC"). Doc. #49-1 at ¶ V. Ten days later, following a complaint by Duren, Henson re-evaluated Duren's eye. *Id*. Henson noted the eye was "greatly improved" but made another appointment for Duren at UMMC. *Id*. Duren was taken to an eye appointment at UMMC three days later. *Id*.

On March 2, 2017, Duren submitted another Medical Service Request Form. Doc. #65 at PageID #228. The form states, "Need to follow up on a Doctor because my eye is still irritating. Need more gauze pads from nurse." *Id*. Duren was seen by an official who noted Duren was complaining of "irritation" and "tearing." *Id*. The official provided extra pads and made a note "e-mail abt f/u appt.?" *Id*. Duren was ultimately released on April 5, 2017, without returning to UMMC. Doc. #49-1 at ¶ V.

V
**Analysis**

"To establish municipal liability pursuant to § 1983, a plaintiff must demonstrate three elements: a policymaker; an official policy; and a violation of constitutional rights whose moving force is the policy or custom."[6] *Shumpert v. City of Tupelo*, 905 F.3d 310, 316 (5th Cir. 2018)

---

[6] It is unclear whether Duren asserts a claim directly under the Eighth Amendment in addition to his § 1983 claims. To the extent he does, his claim must fail because § 1983 is the exclusive vehicle for an Eighth Amendment claim against a state actor. *See Berger v. City of New Orleans*, 273 F.3d 1095, 2001 WL 1085131, at *1 (5th Cir. Sep. 4, 2001) ("[W]e have permitted prosecution of such actions directly under the Constitution *only* when necessitated by a total absence of alternative courses and no other means existed to seek redress for flagrant violations of the plaintiff's constitutional rights. When a statutory mechanism is available, § 1983 being a prime example, plaintiffs must invoke

7

(quotation marks omitted). The County argues it is entitled to summary judgment on Duren's claims because Duren cannot establish a constitutional violation and, even if he could, he cannot show facts which would justify imposition of municipal liability. Doc. #50 at 7–15.

The Eighth Amendment to the United States Constitution, as incorporated against the states through the Fourteenth Amendment, prohibits the use of cruel and unusual punishments against prisoners. *See Estelle v. Gamble*, 429 U.S. 97, 101 (1976); *Wilkins v. Gaddy*, 559 U.S. 34, 39– 40 (2010). Cruel and unusual punishments include "deliberate indifference to serious medical needs of prisoners." *Gibson v. Collier*, 920 F.3d 212, 219 (5th Cir. 2019). To establish deliberate indifference, a plaintiff "must first demonstrate a serious medical need" and then show that the defendant "acted with deliberate indifference to that medical need." *Id*. To show deliberate indifference, a "plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id*. at 220.

The County argues that Duren cannot show deliberate indifference because he "was monitored by a jail nurse who had him evaluated and treated with respect to his eye condition" and was sent to UMMC twice as a "precaution." Doc. #50 at 9. Duren has not argued, and this Court does not see, what steps the County took (or failed to take) which amounted to deliberate indifference. The evidentiary record clearly establishes that Duren promptly received medical attention when he requested it. This treatment, which included multiple visits with specialists, produced improvement in his symptoms. Under these circumstances, the Court concludes that there is no genuine issue of material fact as to whether prison officials acted with deliberate

---

its protection." (quotations marks omitted)). Even if § 1983 was not the exclusive vehicle for an Eighth Amendment claim, the claim would fail because, as discussed below, Duren has shown no Eighth Amendment violation.

indifference to Duren's medical needs. *See Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) ("Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference.").

Even if Duren could show deliberate indifference, he has introduced absolutely no evidence or argument which would show a policy or custom tied to such a violation. For this reason too, summary judgment is appropriate.

## VI
## Conclusion

The County's motion for summary judgment [49] is **GRANTED**. A final judgment consistent with this opinion will issue separately.[7]

**SO ORDERED**, this 18th day of September, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[7] A court may dismiss an action when "[t]he remaining defendants are all unknown and are sued under fictitious names." *Breslin v. City and Cty. of Phil.*, 92 F.R.D. 764, 765 (E.D. Pa. 1981).

9